IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DAVID E. GALLATIN, II ) | |
| ) | |
| v. ) | NO. 3:25-cv-01134 |
| ) | Crenshaw/Holmes |
| PASCO COUNTY SHERIFF'S OFFICE *et al.* ) | |

To:  The Honorable Waverly D. Crenshaw, Jr., United States District Judge

## REPORT AND RECOMMENDATION

By Order entered November 18, 2025 (Docket Entry No. 6), this *pro se* civil case was referred to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the Court recommends that this lawsuit be dismissed for lack of subject matter jurisdiction.

### I. BACKGROUND

David Gallatin, II, ("Plaintiff") paid the filing fee and filed this *pro se* lawsuit on October 2, 2025, seeking 100 million dollars as damages and naming nine defendants, all of whom are located in Florida – the Pasco County Sheriff's Office, the Woodview Village HOA, and seven individuals. *See* Complaint (Docket Entry No. 1). The sparse complaint contains no supporting facts and sets out the following as the entirety of the statement of Plaintiff's claim:

> There is an extensive amount of corruption between all named defendants that has been used to ruin the plaintiff (David Gallatin II)'s life. Pasco Case Number: 512025CC000773CCAXWS. Further video and audio evidence can be provided to support this claim.

*Id* at 5. The docket does not reflect that process has been served upon any of the defendants.

Although the case was filed pursuant to federal diversity jurisdiction under 28 U.S.C. § 1332, it was not readily apparent to the Court that diversity between the parties exists because (1)

the complaint does not set out Plaintiff's own residence or contain any allegation showing in what State he has citizenship and (2) Plaintiff did not file a diversity disclosure statement, as required by Rule 7.1(a)(2) of the Federal Rules of Civil Procedure. Thus, the Court ordered Plaintiff to file, by December 12, 2025, a completed Rule 7.1(a)(2) Disclosure Statement with all required information. *See* Order entered November 21, 2025 (Docket Entry No. 7), To date, Plaintiff has not either complied with the Court's directive to file the diversity disclosure statement or responded in any manner to the Court's November 21, 2025, Order.

## II. ANALYSIS

The federal courts of the United States are not courts of general jurisdiction and are not empowered to adjudicate any lawsuit for which a filing fee is paid. Rather, the federal courts may hear only those cases falling within the judicial power of the United States as defined in the Constitution, or those matters specifically committed to their authority by an act of Congress. The issue of whether a federal court has subject matter jurisdiction to hear a case is a threshold issue and one that the Court has an independent obligation to consider. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009).

The instant lawsuit is brought by Plaintiff in federal court based on the assertion of diversity jurisdiction under 28 U.S.C. § 1332. *See* Complaint at 4. Generally, and as applies to this case, diversity jurisdiction exists when (1) the amount in controversy exceeds $75,000.00 and (2) the case is between "citizen of different states." 28 U.S.C. § 1332(a)(1). *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 (1989).

While the complaint's assertion of the amount of requested damages satisfies the amount in controversy requirement, the complaint is completely lacking as to any type of allegation that shows that Plaintiff is a citizen of a different state than the defendants. Furthermore, Plaintiff has not complied with the Court's specific directive to file a Rule 7.1(a)(2) diversity disclosure statement that provides this information and that cures the deficiency of the complaint.[1]

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); Fed.R.Civ.P. 8(a)(1). In a diversity case, this requires the plaintiff to state all parties' citizenships so that the existence of complete diversity can be confirmed. *See Washington v. Sulzer Orthopedics, Inc.*, 76 F.App'x 644, 645 (6th Cir. 2003). Because Plaintiff has not shown that there is diversity between himself and the defendants for the purposes of jurisdiction under Section 1332, he has failed to satisfy his burden of showing that federal subject matter jurisdiction exists over his lawsuit. Accordingly, the lawsuit must be dismissed. *See* Rule 12(h)(3) of the Federal Rules of Civil Procedure ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court further notes that the docket reflects two alternative basis for dismissal of the lawsuit. Plaintiff's failure to comply with the Court's specific directive to file a Rule 7.1(a)(2) statement reflects a disregard of Court orders by Plaintiff, which supports dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Additionally, the docket does not reflect that any

---

[1] The Court further notes that at no point in his complaint, in the summons that he provided (Docket Entry No. 2), or in his consent to receive electronic service (Docket Entry No. 5) has Plaintiff included his mailing address.

defendant has been served with process within the 90 day time period for completing service of process that is provided for in Rule 4(m) of the Federal Rules of Civil Procedure. Dismissal of the lawsuit is also supported by this failure.

## RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for lack of subject matter jurisdiction.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

**Signed By:**
***J. Gregory Wehrman***
**United States Magistrate Judge**