UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID E. GALLATIN, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-cv-01134 |
| PASCO COUNTY SHERIFF'S OFFICE, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

On February 6, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 8) recommending that this case be dismissed for lack of subject matter jurisdiction. This recommendation comes after the Magistrate Judge already ordered David E. Gallatin, II, proceeding pro se, to file a completed Rule 7.1(a)(2) diversity disclosure statement no later than December 12, 2025. (Doc. No. 7). To date, Gallatin has not complied with that order. In the R&R, the Magistrate Judge also warned Gallatin that any objections to the R&R "must be filed within fourteen (14) days of service." (Doc. No. 8 at 4). Despite this specific warning, however, Gallatin has not timely filed any timely objections to the R&R. See Berkshire v. Dahl, 928 F.3d 520, 530 (6th Cir. 2019) (explaining that failure to timely file objections to an R&R constitutes forfeiture).

Where, as here, there are no "timely objection[s]" to the R&R, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citations omitted). The Court has carefully reviewed the R&R and the record. The Court finds no clear error and agrees with the Magistrate Judge's recommendation. Specifically, the Court agrees that Gallatin has failed to

state all parties' citizenships in the Complaint, thereby failing to satisfy his burden to establish that subject matter jurisdiction exists, and the case must be dismissed. (Doc. No. 8 at 2-3); see also Fed. R. Civ. P. Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court also agrees that dismissal is warranted on an alternative ground. Namely, there is nothing in the record demonstrating that the defendants were served with process within the 90-day period required under Federal Rule of Civil Procedure 4(m), absent good cause shown by the plaintiff. (Doc. No. 8 at 3-4). Gallatin has not demonstrated good cause for failing to serve the defendants with process in the required time period.

Accordingly, the R&R (Doc. No. 8) is **APPROVED AND ADOPTED**, and this case is **DISMISSED**. This is a final order. The Clerk of the Court shall enter a final judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE